JOHN DOE, ex dem., CHARLES DAY, and others, plaintiff in error, vs. JOHN HUGGINS, tenant in possession, defendant in error.

The defendant in ejectment, proved the existence, and loss or destruction, of a grant; he also proved that a copy-grant was not to be had from the Secretary of State's office.

*Held,* That on this foundation, a certificate from the Executive Department, that the grant had issued, was admissible.

Ejectment, in Lee Superior Court. Tried before Judge ALLEN, April Term, 1859.

This was an ejectment by John Doe, upon the demises of Charles Day, and T. R. Bloom, against Huggins, tenant in possession, for lot of land No. 236, in the third district of Lee county.

Plaintiff read in evidence a grant from the State, dated 4th January, 1847; proved the *locus* and possession of defendant at the commencement of the suit, and closed.

Defendant proved by *Green B. Mayo,* that he, witness, had had in his possession an original grant from the State to Jonathan Colquitt for the land in dispute, dated 13th June, 1827, and a deed from Colquitt to one ——— Dawson, and that he, witness, had purchased said lot from a person who represented himself to be the agent of Dawson; that said grant was lost or destroyed; that he had applied to the Secretary of State, for a copy grant, and could not obtain one; that he saw an entry on the books of the Executive Department, showing that said lot was drawn by Jonathan Colquitt, and granted to him.

*Cross-Examined.*—There was also a subsequent entry, showing that said lot had also been granted to Charles Day.

Defendant then introduced *W. C. Gill,* who testified: That in 1854, a man came to his house offering to sell land, and had a grant; witness took it to be an original grant to lot No.

236; that he examined the grant and deeds pretty closely; as appeared from said grant, Jonathan Colquitt was the grantee, and it was dated sometime in 1829; that all the entries on said grant appeared to be regular; was signed, George R. Gilmer, had the "bees-wax" or seal of the State of Georgia attached. Witness had not seen said grant since the man who had it, left his house.

*Cross-Examined.*—Has seen "*bogus*" grants, but had not up to that time seen any; the grant was old and somewhat worn; don't recollect about whether the paper was smooth or rough; *bogus grants*, that witness has seen, had a blotched, spotted appearance; this grant looked old and greasy, and witness took it to be an original, genuine grant.

Defendant then read in evidence a certificate from *M. D. McComb*, Secretary of the Executive Department, to the effect that upon examination of the numerical land books of file in that department, it appeared that lot of land No. 236, was drawn by Jonathan Colquitt of Lacey's district, Oglethorpe county, and appears to have been granted to him 13th June, 1827, and that said book also shows that another grant was issued for the same lot of land to Charles Day, 4th January, 1847, as a reverted lot.

Here defendant closed.

Plaintiff then moved to exclude said certificate as incompetent to show that said lot had even been granted to Jonathan Colquitt, on the ground that it was not the best and highest evidence which could be produced of that fact. The Court refused the motion to exclude the certificate, and plaintiff excepted.

Plaintiff then proved that Troup was elected Governor in 1825; his term was two years; Forsyth succeeded him in 1827, and Gilmer succeeded Forsyth. That if Gilmer went into office at the regular time, his Term commenced in November, 1829.

Plaintiff then requested the Court to charge the jury, "that

in the absence of the original grant and copy, the next best evidence was the certificates or testimony of the heads of the departments of the State, that the grant had issued. The Court refused so to charge, and plaintiff excepted.

Plaintiff requested the Court to charge "that the jury must be satisfied that the grant fees had been paid to the State, and that the certificate of the State Treasurer was the highest evidence of that fact, in the absence of the grant, and that it must affirmatively appear that the grant fees had been paid; and that although the grant may have issued, yet if the fees had not been paid, the title of the State was not divested.

The Court refused to give this charge as requested, but charged, "that the certificate of the Treasurer, was not the only evidence of the payment of the grant fees."

To which charge and refusal to charge, plaintiff excepted.

The jury found for the defendant, and plaintiff moved for a new trial, upon the following grounds:

1st. Because the jury found contrary to, and without evidence.

2d. Because the verdict is contrary to law.

3d. Because the Court erred in admitting in evidence the certificate of the Secretary of the Executive Department.

4th. Because the Court erred in charging and refusing to charge as above stated.

The Court overruled the motion for a new trial and plaintiff excepted.

LYON & IRVIN, for plaintiff in error.

McCAY & HAWKINS, contra.

By the Court.—BENNING J. delivering the opinion.

The first and second exceptions involve the same ques-

tions, viz: the question, whether the certificate from the Executive Department, was proper evidence.

The object of the certificate was to prove a grant. Proof of the existence, and loss or destruction, of the grant, was before the Court ; also, proof, that a copy of the grant was not to be had from the Secretary of State's office. Now, on such a foundation as this, was the certificate admissible? We think so. It was said, that there was better evidence than this certificate, viz : the testimony of the heads of the Executive Department of the State." But first, there is nothing to show, what they would swear, and the presumption, probably, is, that they would only swear to what appears on their books, and the Acts of 1819, and 1830, say, that certificates of what is on their books, shall be admissible as evidence. *Pr. Dig.* 215, 220. Secondly, it is a question, whether there are any degrees at all, in secondary evidence, but if there are, nothing appears on the face of this certificate, or, in the facts of the case, itself, to suggest, that any better or other evidence exists of the grant, than this certificate; and when that is so, with respect to a piece of secondary evidence offered, it seems agreed by all, that the piece is to be received, the Court not being bound in such a case, to presume, that secondary evidence of any higher degree, exists. See 1 *Green. Ev. sec.* 84, *note* 2.

We think that there is nothing in the first and second exceptions.

No authority was read to show the proposition true, that it must affirmatively appear, "that the grant fees had been paid ; and, that, although, the grant may have issued, yet, if the fees had not been paid, the title of the State, was not divested," and, without authority, we are not prepared to sanction the proposition.

The remaining exception is, that the verdict was not supported by the evidence. As to this, all we have to say, is,

that there was, we think, sufficient evidence to authorize the verdict.

Judgment affirmed.